# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### 7:14-MJ-1207-JG-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    **ORDER OF DETENTION PENDING** |
| | )            **TRIAL** |
| MARIA PATROCINIA JUAREZ-LOPEZ, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a special agent with the Department of Homeland Security. Defendant did not have a proposed third-party custodian. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 12 December 2014 with: aggravated identity theft, specifically, knowingly and without lawful authority, using the means of identification of another person, during and in relation to false representation of a Social Security account number in connection with an application for an identification card before the North Carolina Division of Motor Vehicles in violation of 18 U.S.C. § 1028A(a)(1); and illegal entry of

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

an alien, specifically, eluding examination and inspection by immigration officers in violation of 18 U.S.C. §1028A(a)(1) and 8 U.S.C. §1325(a)(2). The alleged offense date for both crimes is 7 June 2011.

The evidence presented at the hearing showed that defendant, a citizen of Guatemala, entered the United States illegally in 2006 and took up residence in Mount Olive, North Carolina. On the alleged offense date, she used the name and other identifying information of another person, who is a United States citizen, to obtain a North Carolina identification card on the alleged offense date. In February 2012, she obtained a replacement North Carolina identification card. She subsequently used the false identity on a form I-9 to obtain employment with a contractor for Butterball. She also falsely represented in the form I-9 that she is a United States citizen. A consent search of her residence located a birth certificate in the name of the person whose identity she was using, as well as a Guatemalan passport and other Guatemalan identification documents bearing her photograph and true name. In a statement to authorities, she admitted to buying for $300 a Texas birth certificate, driver's license with her photograph, and Social Security card, all in the name of and with other identifying information for the person whose identity she was using.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the circumstances of the alleged offenses, including defendant's fraudulent use of identifying information of another person over an extended period of time in disregard of the law; the pendency of an ICE detainer against defendant; the prospect defendant faces of removal from the United States after service of a term of imprisonment; the

2

absence of a proposed third-party custodial arrangement; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, including the fact that defendant has two young children and is pregnant with another. It finds, however, that the factors favoring detention outweigh such evidence. Indeed, with her husband presently in state custody on immigration-related charges, her family situation would appear to enhance her incentive to flee.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 18th day of December 2014.

James E. Gates
United States Magistrate Judge